Are you splitting time? Yes, thank you, Your Honor. I'm going to take 10 minutes. Amicus, Eric's going to take five. Okay. And then we'll keep back five at the end. So, like a family feud, let's set the clock. Thank you. Good morning, Your Honor. This is an appeal, really. It's a one-sentence appeal of one sentence of the Bankruptcy Code. And there's some dangling parts to the one sentence, but it's a one-sentence appeal. And so in my 10 minutes that I have, that's what I'm going to focus on because I don't have time to talk about 25 pages of briefing. My client, Ms. Wilson, is 71 years old, lived in her home for 20 years, files bankruptcy. Trustee during the proceeding takes the home, sells the home, gets $170,000 in proceeds from the Schwab exemptions, which were now allowed by the amendments to the form rules in 2015. She filed in 2013, so it wasn't available then. She claims the Schwab exemption that just says, I'm claiming 100% of the proceeds from the sale of my home up to the statutory maximum allowed under Washington law. That's $125,000. Well, but just a minute. It's my understanding that she first of all claimed the wildcard exemption. Yes, because see, back in when she filed the case. What is the wildcard exemption? Okay, the wildcard exemption. No, it actually wasn't a wildcard exemption. Oh, it's 522D5. Yeah, but she claimed B1. B1 is homestead, but it's $20,000. Well, but just a minute. She went for the homestead secondly, but first she had the wildcard. Yeah, wildcard is just kind of a colloquial- It's the aggregate interest in the property, which is $1,250 plus the amount of $11,850 that she hadn't already used. And so she got 3,560 because the aggregate interest in the property was the 3,560. That's what she put in her schedule. Then she amends, and now she wants the language of the state homestead exemption, right? And the homestead exemption is the total value of the lands or the sum of $125,000, whichever is less. So how is the aggregate interest in the property, which is the wildcard exemption, any different than the total net value of the lands? Okay. I mean, I'm trying to figure out why did you even change this? Why was there an amendment made? Because the wildcard drops away. The wildcard is under the federal set of exemptions. I understand it is, but what's the difference in the terms? If you say aggregate interest in the property, which is the wildcard exemption, and you equal that to total net value of lands, which is the Washington State exemption, it seems to be the same value. That is, if you apply 522A2, which is your, when I say... Now, the reason I'm taking you through this is because this is pretty important to me. At this point, we're only talking about how is the exemption that you amended to do changed what you're really trying to do? Okay. Because after we get through changing what the exemption is, it seems to me that I'm pretty well stuck with what's said in our case, which is a Ninth Circuit case of In Ray Gephardt, that the value of the property is the value at the time of the filing. That's why I said it's a one-sentence appeal, because that is a correct decision in what I call your court, meaning what you guys at Ninth Circuit, Gephardt says. The debtors... Gephardt is defining 522A2 value at the time of the filing applicable only to the federal scheme of exemptions. Go get it. That's not, but that isn't what it says. But it does say that. No, it doesn't. Just a minute. That's why I took you through. When you get to this time where you're going to call the exemption, the debtor gets to have an exemption of any exemption they want. They choose the exemption they want. And your debtor first chose the wild card exemption. No, they first chose the federal set of exemptions. Well, you can call it what you want. It's 522D5, which is the wild card exemption, which is the aggregate interest in property. Then, for some reason, they changed to the Washington State homestead exemption, which is the net value of lands or $125,000, whichever is less. Okay. So if you value it all at the time of the filing, which is what Gephardt says, then it's all $3,560. That's why, that's the distinction with, I think, the bankruptcy court. And I'm not saying, Your Honor, it is an error. Oh, I don't know what you are saying, so tell me. I'm just saying, 522B1 is the operative section of the code. A is the definitional section, B1. Now, look at B1. I did. The debtor may exempt from property of the estate, property that's exempt under applicable state law or federal law. Correct. Okay. Property of the estate. Now, notice that, and Congress can do this, they do it all the time, there's no limiting language in B. Understood. Okay. So Congress knows how to do that with a but however or notwithstanding or except. They know how to do that. And they could have put value, the A definition, Gephardt. They didn't. And they didn't. They could have said. They said, choose the wildcard exemption or choose the Washington State homestead exemption. If you choose the wildcard exemption, it's the aggregate interest in the property at the time of the filing of the bankruptcy. If you choose the homestead exemption, it's the net value of the lands or the sum of $125,000, whichever is less at the time you filed the bankruptcy. Where do you see the at the time you filed the bankruptcy? Because when you look at the other parts of the code, it suggests 522A2, the fair market value as of the date of the filing of the petition or with respect to the property that becomes property of the estate after such date, as of the date such property becomes the property of the state. If you look at 11.546.541A6, it says the post petition appreciation inures to the bankruptcy estate. So at that point, if I do the fair market value, if I decide what the net value of the lands is or the aggregate interest in the property as of the date of the filing, it's always the same, $3,560. I mean, I look at, I'll just take you for an instance. I look at what the BAP and what we did in the case of Allsburg. We weren't here. We were in California. At that point, we took the California exemption amount. And that wasn't, that was not the value of the lands or $125,000, whichever is less. That was an absolute $45,000 every time. It doesn't matter what it is, it doesn't matter what the value is, you get $45,000 every time. That's not what it says in Washington. It says the total net value of the lands or the sum of $125,000, whichever is less. So in California, we gave them $45,000 because that's all California said, you get $45,000 every time. If I look at it now, the exemption would be $75,000 every time. But that's not what Washington says. Washington says, no, you don't get $125,000 every time. You get the value of the lands or that, whichever is less. But you're reading in, I think improperly, reading in that you're fixing it at the time of the filing. Well, that's what 522A2 says. And not only that, what only that says, it's what all of my cases say as well, that I value it at the time of the filing of the bankruptcy. But value was a defined term. At the time of the bankruptcy. Yes. That's not used in the states when you take the state scheme. It's a defined value. If you look at D, it says a value not to exceed $3,700 in a car. A value not to exceed $200 per item in personal property. Value, value, value in D, the federal scheme. There's no such value limitation in B-1. B-1 says the value, there's no value limitation in B-1. You look at the state law. Now you're right. You then looked over to the state law. And state law, and we quoted a whole bunch of Washington State Supreme Court cases in Washington State, the value is determined when you sell it. Let me ask you this. I appreciate you went to the sales price. In California, you can't even foreclose on the property unless you can give the person the exempt value. Yes. That's $45,000 at the time of the Allsport case. Today it's $75,000. Yes. You foreclose in Washington. You don't have to give them $125,000. All you've got to give them is the net value of the land. Now, well, under Washington law, you actually have to post the bond for $125,000. Well, but you have given only the net value of the land. It doesn't matter what it is. And all we're talking about then is the sale. We're talking now about what value do we have in the bankruptcy at the point we are addressing the issue. Yes. And I have, well, I have a Supreme Court's case that suggests the value of the exemption is frozen as of the date of the filing of the petition. That's Myers versus Matley. I have another Supreme Court case, White v. Stump, which says the value of the exemptions has been fixed as of the date of the filing of the petition. There we are. I am giving you every value you can have. If you want to take the wild card exemption, I'll give you that value. If you want to take the state homestead exemption, I'll give you that. But it's whichever is less. But the court just said a minute ago, and then it says, and any other property of the estate that comes into the estate post-petition. That's rent. That's not increase in value of the land. No, it isn't. That's rent. No, no, no. That's appreciation. No, it isn't. There's nothing in there that says appreciation. No case says appreciation. Post-petition? Why? Yes. Why? Because they don't give you appreciation. The appreciation of the land is, as I told you, as it relates in Gebhardt, any post-value appreciation in order to the estate, not to the bankrupt. I think that Gebhardt is correct because it defines value as the day of filing when it applies to the federal scheme. We have to look at the state scheme. How about this court's decision in Hyman where it says, the exemptions on the date of the sale of the property. We're talking about what do they get when they sell the property thereafter. But if you're going to take what the exemption is in Washington, the exemption was established when you filed the bankruptcy. The total net value of the lands or the sum of $125,000, whichever is less. If you went to California, the exemption is always going to be $45,000. And so even if the value of the land is less than $45,000 at the time of the filing, you'll still get the $45,000 because that's the exempt amount. In Washington, it doesn't say that. It says the total net value or the sum, whichever is less. That's true. But it talks about at the time of the sale of the property. If I'm a judgment creditor and I get a judgment against a debtor in Washington, it's not the value of the property at the date of the judgment. I can sit on the judgment for 10 years and I can execute. But when I go to execute and I'm going to go sell it, you get a valuation hearing under Washington law. You request, when the sheriff goes in for a sale, a valuation hearing. And you come up with the total net value of the land or $125,000. And then that has to be paid to the debtor before the sheriff conducts the sale. Washington law is at the time of the sale, not the time of the judgment or the time of the filing of the bankruptcy. There's no time of the filing of a bankruptcy under RCW 6.13. All the sections on the homestead and the protection of the homestead and the protection of the value of the lands is valued at the time of the execution. So when I am in Washington and I want to execute on a debtor's home, there's a process under 6.13 where I go down and I ask the court to appoint an appraiser to value the land, just what your court said, value the property. Now, there's only $80,000 equity at that time. So they would have to post a payment of 80,000, the value of the property at the time of the sale. So under your theory, and I'm just taking your theory to its end. Under your theory, until the value of the homestead gets to, until the value that the net value of the land gets so that you get 125, you'll get the first 125? Yes, and- Even though your net value on the homestead is only the total value or the sum, whichever is less? Yes. But what you're doing then is you're trying to use that 125 figure to be the same as California's $45,000 figure, which doesn't say anything about the net value of the land or that 45,000, whichever is less. You're trying to use them the same. No, you gotta expand a little bit the Washington law because the homestead exemption 13.030 is in the context of execution on homestead property. Well, I understand that. So when you go in to sell it, they have a valuation hearing. And the courts never, ever allow a judgment creditor to sell a debtor's property unless the value exceeds 125,000. Because the debtor gets the first 125,000. So you never see a foreclosure sale on property. And in Florida, you probably never see one ever, because they have an unlimited homestead. Even Nevada's very generous, I think, at 550. Washington's more like Idaho. So if you come in, you value it. This is now the context of six- Mr. Stockwell, let's suppose that she hadn't opted on the wild card. Let's suppose that she decided to proceed from the beginning under the Washington statute. Yes. If she had placed a dollar figure on her interest in the home, it would have been about the $3,500, right? $3,500, sure. Now, did she have the option of simply saying, I invoke the Washington exemption up to $125,000? Could she have put that on her schedule and said, I don't want to put a value on it because I'm not sure of the value of the home, but I want everything I'm entitled to? In 2015, two years later, they did approve doing that. The national forms or whatever did allow you to now say what we call the debtor's attorney Schwab exemption, where you just check the box and say, I am claiming 100% of the value up to the statutory maximum allowed by the statute, 125. So yes. And how does that work today? Today, everybody just checks the Schwab box. So if you check the Schwab box, what value do we put on it? Well, she still only got $3,500. She still has $3,500. If you check the Schwab box, so if she had filed yesterday and checked the Schwab box, and we sell the house two years from now, what does she get? She gets the equity from the sale up to $125,000. Does she check the Schwab box, or do you measure it as of the date of the sale of the house? The day they sell the home, because we get 100% of the equity. And just remind me, who gave us the right to do the Schwab box? Was that a case? Is that a statute? Is that a regulation? The Supreme Court promulgates the rules, the forms. I'm sorry, which Supreme Court? Washington. Washington Supreme Court. The US Supreme Court. The bankruptcy forms are under the rules. And the rules are promulgated by the US Supreme Court. And the Supreme Court promulgates forms and rules. And then it goes, if Congress doesn't object after whatever time, becomes the rules. So the Supreme Court's form rules now that are incorporated into the software that debtors turn to use, we now have the Schwab box exit. Back in 2013, we didn't. But it doesn't change the scenario, is that we can, without putting a value, we don't have to now put a value. We can just say, we're claiming the equity in the property up to the statutory allowed maximum. That's what happens now in Washington in bankruptcy court. Yes, in all states, I think, use the Schwab box. Everybody uses it now nationwide because the forms are nationwide. There's no Washington bankruptcy court. That box was not available two years before. Pardon? That Schwab box was not available until the result of the Schwab decision. Yes, sure. Let me have a different view of the California being different than the Washington. Judge Smith says, under California, every time the debtor gets $45,000, that's only if there's equity to pay the $45,000. Isn't that the way it goes? And so if it sells for X number of dollars and the net procedure $30,000, the exemption is $30,000. So it works exactly the same way as Washington, even though the terminology and the statutes are different. Same thing. Same result. It's the economics that drive it, too. It's the equity. Yes. But in Washington, the Homestead payment can only come from the Homestead sale, right? Yes. Well, that's true. Not other assets. No, no, no. So there is no guarantee of every time of $45,000. You could have a- Am I correct? If the trustee sold- Am I correct? Yes. If the trustee sold my client's house the day after I filed, we'd get $3,500. But if in California, you cannot even foreclose and sell the property unless you give the person $45,000, right? Yeah. Yeah. In other words, the bank must pay $45,000 every time if they're going to foreclose on the property. OK. I'm not that familiar with California law, but Washington is very, very similar. You have a valuation hearing. You determine if there is equity in the property that exceeds $125,000. Then the court authorizes the sheriff to conduct the sale. The sale proceeds comes up with $170,000. Now we have $170,000 in the pot. Then the debtor makes an application to the court to have the sheriff disperse the $125,000 maximum allowed under the law. If the sale produces less than the valuation hearing, the valuation hearing produces a value to the court of less than $125,000, the judges down in the Supreme Court don't even allow the sale. Because they say, you're not going to realize any money out of this sale that exceeds the debtor's exemption. I'm not going to approve this sale to the sheriff. Come back when the value goes up. So you wait a couple more years. The value goes up to $170,000. And now you go down to the sheriff, have your valuation hearing under RCW 6.13. Now it's $170,000, Your Honor. And the judge says, OK, now you've exceeded your $125,000. Go have your sale. The proceeds go up. Is that the way it was at this time? Yeah, and that's the way it is. That's the way it is. So that's the way it was in 2013? Yes. Under Washington law, the statute went to $125,000 years ago, more than 10 years ago. So when I started practicing, Homestead was $35,000. And so now we're up to generously $125,000. Can I bring back this case? Isn't the issue in this case is, when you have a property worth x at filing, which is less than the exemption, that appreciates during the bankruptcy proceedings to the extent that it now exceeds the exemption, the question is, who's entitled to the proceeds that are the result of the appreciation? Correct? And isn't that the issue? Yes, the answer is yes. And doesn't Osberg and doesn't Chappell deal exactly with that very issue, saying that in Chappell, I believe, they've been allowed and talked about the amendment, the debtor could amend Schedule C to increase the petition amount up to the full amount of the capped exemption, and said, well, can I finish? Yes, you're right. I was going to quote you, Chappell, if I had a minute. Never mind. And you're right. I know I'm right. But if you let me finish, I might help you out. I'm sorry. No, go ahead. No, no, no. I was going to quote you, Chappell, as my therefore, my time is up. I'm sorry, my time is up. We conclude that the controlling Ninth Circuit authority involving state Homestead exemptions, which holds that bankruptcy estate is entitled to post-petition appreciation in excess of the maximum allowed permitted to be exempted under the statutory authority invoked by the debtor in property of the estate. So that was my closing arguments with Chappell. You're right, and I apologize for trying to jump in to say you're right, because that was, in fact, my closing. Chappell says that Boole v. I think it's v. You said that. Justifying saying you're well over your time at this point. Hyman says that Walden says that. You're well over your time. OK, I'm sorry. Thank you, Your Honor. Mr. Heath, I will give you your five minutes. Thank you very much, Your Honor. Good morning. Eric Heath here, representing both the National Association of Consumer Bankruptcy Attorneys and the National Consumer Bankruptcy Rights Center, who filed appearances as amici curiae in this case. May it please the Court. So when a business files Chapter 7, it ceases to exist. When an individual like Ms. Wilson files Chapter 7, she has to go on with life. And that's why property exemptions are so sacred. They ensure that the debtor is going to have those bare necessities to cover life after bankruptcy, such as housing. And that's why we have this long tradition, both in the Ninth Circuit and elsewhere in the country, that we interpret property exemptions in 522 elsewhere as liberally as possible in order to protect those very important exemptions. And I think that's the important starting point when looking at all of these different provisions of Section 522. How do we interpret this in order to protect the exemption as much as possible? Now, what trustees' approach does here is a radical and, quite frankly, unprecedented departure from the way this has historically worked. And quite frankly, or so far, I have not seen a case that's directly on point that supports this particular issue on exemptions. But I want to focus on a particular example that I think is especially important under trustees' approach. Define this particular point. Yeah, I'm sorry? You don't find a case on point on this particular issue. Define the issue for me. So the issue that I don't see a case on point for the trustee is that the trustee gets to disregard the exemption after the appreciation. After what? That the trustee gets to, let me rephrase that, that the trustee is able to capture all of that appreciation and, at the same time, disregard the debtor's exemptions. By the way, go ahead. I'm sorry. I didn't mean to interrupt you, sir. The other side of that is there are cases that say just the opposite, though, aren't there? Allsberg? Yeah. Thieu? Chappell? I believe. Right on that point, right? That's the way I interpret those cases, absolutely. Well, let's talk about Gephardt. How do I interpret the language in Gephardt that says, this argument does not accord, however, with the past holdings of this court, which establish that what is frozen as of the date of the filing of the petition is the value of the debtor's exemption, not the fair market value of the property claimed as exempt. Right. And I'll be honest. Citing Hyman. Right. And I'll be honest. I think that language is tricky and poorly worded, to say the least. But I think it's dicta. And if we look back to Hyman. I don't know that it's dicta, because it absolutely goes to what they had to do in Gephardt in order to decide how to deal with the property and whether it could be property of the estate or not. Right. And they said there was property of the estate, because it appreciated during the time it was in the bankruptcy. And so therefore, it had to stay in the estate until the sale. And then they said, as I quoted, that what is established is that the date of the filing of the petition is the value of the debtor's exemption, not the fair market value of the property. So there are two, I guess, steps in that analysis. First, does that post-petition appreciation come into the bankruptcy estate? And that's the question that the Gephardt court answered. The second question is, OK, now that we've got that property in the estate, can the debtor assert an exemption to it? Because that's what an exemption is, that yes, that is property of the estate. But this is my exemption. I'm reclaiming my right to it. And that's the way. But that doesn't have anything to do with what I quoted. Because now we're talking not about what exemption I can claim. That's wild card versus homestead exemption. This language talks about the value of the exemption. And it says it's the value at the filing of the petition. It does say that. And the problem is that the court wasn't addressing the value of an exemption. I don't see how that was. How could it be not? It says what is frozen as of the date of the filing is the value of the exemption. Right. And first, I think that that's. Mr. Jones, after that statement that Judge Smith just referred to, it also cites Allsberg, Vu, all of which held that post-petition appreciation would go to the debtor up to the extent of the exemption. So it seems to me you have to read all this language under the prism or through the lens of Chappell, Vu, because it affirmed Chappell 100%, right? Right. Which held that even though at the time of the filing, there was only about less equity involved or available than the exemption. But subsequently, there was enough because of the appreciation that they gave the full exemption from the proceeds. So is that how you interpret the language? That's exactly how I interpret the language. And I think when you look at it in a vacuum without that background, it doesn't, I quite frankly, don't think it makes much sense. Look at Allsberg. In Allsberg, we got a different statute. We got a California statute, which has a $45,000 exemption, not an exemption which is the value of the property or $45,000, whichever is less. It's 45, period. And at that point, we said, you get your 45. We got a different statute here. And that's the worry. Now, I put it, I asked the question. I mean, frankly, I think my colleague makes a good point. I'm trying to figure out. You're an expert here. You tell me, if this is what we're supposed to be doing, do I just automatically say, OK, in every Washington bankruptcy, you get $125,000? Because that isn't what it says. It says whatever is less. Right. Mr. Jones, with regard to that question, would you respond further on in that same decision, Gebhardt decision, following the quoted language? They say, Riley has reaffirmed certain of the underlying principles in these cases and clarified that with respect to how exempt property is defined. Their reasoning is applicable not just to the California exemption scheme, but to all statutes that limit the value of the exemption to an interest in a property capped at a dollar value. So they're all treated the same, according to Gebhardt. Right, and that's my interpretation of it, too. These statutes, you've got several cases floating around here. You've got the California statute. You've got the Arizona statute. You've got the federal exemption statute. And you've got the Washington statute. Aren't they all capped exemptions? In other words, you don't get the property, as in Florida, you get all the property there. But it's an interest in the property up to a certain limited amount. That's the way I read the exemptions, because Washington's capped at $125,000. I mean, yeah, that's the way I read the exemptions for sure. $125,000, or is it capped at the market value or $125,000, whichever is less? Well, the net value or up to $125,000. Whichever is less. Whichever is less, right. Counsel, is it possible that there is a different rule that applies in this case than would apply today as a result of Schwab? I do think, um. Is it possible that her value is capped as of the time of petition because she specified the value as opposed to simply claiming the value up to the total exemption? No, absolutely not. Well, first of all, she's entitled. Absolutely not? Well, so she's entitled to amend her exemptions. So she can go back, which I think she went back after Schwab came out. Yeah, the question of amendment seems to be sort of irrelevant. I mean, she gets to amend, but she only gets to amend if she's entitled. And she only gets to win if she's entitled to do what she did. In the first place, right. So that sort of begs the question. So prior to Schwab, don't our decisions compel us to take the amount that she put in as of the time that she filed the petition? Schwab may give us a different rule or different proceeding that is that will allow us to simply check a box and say, I want up to the amount, the total amount of the exemption allowed by law. Right, Schwab certainly. Well, Schwab was 2010, right? Decided in 2010. That sounds correct. And Chaplin was decided in 2007, correct? That was pre-Schwab. Yes, that was pre-Schwab. And in that case, they allowed not only the amendment to increase the claim, but also allowed the debtor to have the appreciated value that was created over the period of time during the bankruptcy to have up to the maximum amount of the capped exemption. Up to that amount of the exemption.  that would suggest that Schwab did make a difference in this case, because always, basically since 2007, you're entitled to amend and get part of the appreciation as a part of your exemption. Correct, yes. I mean, if anything, Schwab certainly strengthened her ability to go back and do that. But I don't think it's, I mean, that right has always been there. Thank you, Mr. Heath. Thank you very much. And thanks for allowing us to participate. Good morning, Your Honor. May it please the Court, my name is Tom Lindy. I'm here to represent the Chapter 7 trustee, Jim Rigby. At counsel table with me is my co-counsel Denise Mavis and Alex Kleinberg, who represented a creditor in the case for Citizens Bank and Trust. I'd like to start out with focusing on what Judge Smith referenced in terms of the questioning of the appellants in this case. You're exactly right that the Washington statute is different than the California statute. And it's different, but the result is not any different, is it? Not every debtor gets $45,000 in California, does it? There has to be equity to pay. So what it really says is the debtor gets an exemption up to but no more than $45,000. And the reality is it only gets received what is actually the proceeds from the sale. So if the proceeds from the sale show it's $10,000, that $45,000 now is $10,000. Isn't that the way it works? Well, if you're talking about execution sales. And remember, the California statute was unique and different, and it had been amended. During those all with the Ninth Circuit cases, they were dealing with a statute where the exemption didn't even kick in until the property had been sold. You only got it in proceeds of sale. That was because it was a judgment debtor situation. No, but that's how the exemption read. So until you had an actual sale, the exemption couldn't even be claimed until there were proceeds. That's not the case in Washington. I thought my understanding was that in California, like Washington, that you wouldn't even authorize the sale unless there was enough to pay the full amount of the exemption to the homeowner. In Washington, you have a proceeding where you have to show to the trial court, the judgment creditor. And I do think you need to make a distinction. I will do this later. The trustee is not a judgment creditor when he's selling this property. He has the rights of a hypothetical lien creditor to maybe avoid liens, but he is not doing an execution when he's selling the property of the bankruptcy estate, free and clear of liens, through the bankruptcy court. That's a bankruptcy proceed. He won't sell the homestead unless there's some proceeds that will go to the creditors. Isn't that correct? That's correct. It works. But that's not. But if the proceeds in California are only $10,000, that's all the debtor gets, right? Well, and that would be a. Is that correct? That would be, potentially, that could be correct. I have to know more about the facts of your particular case. The simple fact that you sell the property, it generates only $10,000. There's no guarantee that the creditor is going to get, I mean, the debtor is going to get $45,000, because there isn't $45,000. And so then the question would be, why would the trustee sell that property? It wouldn't sell. Exactly right. Then the debtor would get the property. We wouldn't be having this discussion. But in no instance can you say that in every instance the debtor gets $45,000. No, you can't. It depends on the facts. But if foreclosed in California, you could not foreclose in California without getting the debtor the $45,000 at that point. In other words, it didn't matter what your situation, the bank in California could not foreclose unless the property owner got the $45,000. And all you're trying to do, as I understand it, is distinguish Washington from that. Right, because it's the lesser of. Because you have to look at, see, what's happened here, and I don't think it's been, wasn't really. But Washington is also a capped maximum exemption, isn't it? Yes, it is, Your Honor. Yes. Which means that. In that respect, it's exactly the same as Arizona, California, and the federal statute. Right. But what that means is you're not you can't, you don't get the property, you get a limited interest in the property in a specified or to be determined dollar amount. Correct. That's exactly what. And the question is, when is that determined? Is there bankruptcy at stake? Because that's really the question. And Judge Smith, you were right. The line is drawn when the filing is made. Because that's. How, then, did you explain Chapel, which was affirmed by Gephardt and Alsberg? Chapel was. I don't see any factual distinction, particularly Chapel, where they specifically talked about the right to amend to increase the earlier claimed exemption to reflect the appreciation. And the issue is set very clearly in both those cases. It was really an issue about who's entitled to what portion of the appreciation. But the issue. In all those cases, they divided according to whatever the maximum exemption was, the debtor got, everything else, the creditor got through the estate. Here's how you distinguish Chapel from this case. The trustee didn't object to those issues that the debtor made in terms of amendment. They didn't object. There's lots of case law that says, if there's not a timely objection to the exemption, even if it's not allowed, then it's going to be allowed. Chapel was about whether or not the property fell out of the estate, because at the time of filing, the exemption and the value was more than it was worth. And the court found that wasn't the case. Let's talk about Allsburg. The trustee did object, correct? And at the very end of that decision, as a matter of fact, it's titled Entitlement to Appreciation. And there, the Allsburg court and the BAR court, which was affirmed, said, once again, we must emphasize what we are and what we are not deciding in this appeal. We are here not deciding whether Allsburg's homestead exemption takes priority over either the tax liens, et cetera, et cetera. That issue will be determined separately. Rather, we decide only how much of the remaining proceeds, which were the result of the appreciation, Allsburg's entitled to receive versus how much the estate is entitled to receive. Again, of the appreciated amount, more than the value at the time of the filing of the petition. And then he set forth, there are three possibilities. One, Allsburg gets $33,000 and some odd dollars. Difference between the value of the lien and the value of the property, that is the equity. And that was what the trustee argued, that you're limited to, that the debtor is limited to the amount that the debtor claimed at filing. Then the Allsburg said, no, I'm entitled to everything. The whole $100,000, in this case, was $121,000. So in that case, that's right. In that case, the trustee objected to that. And what did the court do? The court said, even though originally there was not enough equity to pay the maximum amount, the debtor is entitled to the maximum amount of the exemption, the proceeds from the appreciation. Isn't that exactly what that case held? Except what's different is the statute, the California exemption statute, doesn't have the exemption even kick in until proceeds exist. And at the time the proceeds existed, it was $45,000. Washington's different. Washington, you look at the time of filing when the debtor files. Where does it say anywhere, in any statute, that that's the case? We cite it in our brief. The California statute's been amended. But in Allsburg, No, where does it say what you just said? The California statute just says the exemption is $45,000. No, the statute said, and that the homestead is sold under this division, or is damaged, or destroyed, or is acquired for public use, the proceeds of sale are what the exemption's claimed in. That was California statute 704720. That's been amended now, but in Allsburg, that was the law at the time. So the exemption doesn't even come into play until the proceeds exist. That's why they get the $45,000 then. We have a different statute here. You look at it at the time of the filing, and it was the lesser of. Where does it say that, though? You say it in the Washington statute? It says the lesser of.  where you look at that, is all those provisions in the Vector's review. It could be the lesser of, 125, or whatever proceeds are done at the time of sale, right? That's not what the statute says. OK, but I want to take a look at the statute. We didn't have a proceeds. We don't have a proceeds statute. We just have a statute that fixed the exemption in the property, and it would be fixed at the time of filing, which in this case was at 3560. Judge Smith is correct. It doesn't change whether he amends or not. Under either statute, it's that number. This statute doesn't say at the time of filing, and it doesn't say at the time of sale. Doesn't say either one of those things, does it? The state statute? Yeah. Correct. OK. But what controls here isn't the state statute on this question. It's the federal statute. OK, so you want to go back to 522A1. A2. A2. Which talks about you fix value at the time of the filing. OK, so let me see if I want to make sure that I understand this procedure. So today, if Ms. Wilson were filing today, and she wanted to claim an exemption, she would check the box, OK? Check the Schwab box. OK, if she checked the Schwab box, how much would she be entitled to and when? Well, if she checked the Schwab box and said the maximum amount allowed, she arguably could be entitled to 125. Now, the trustee has an obligation at that point to decide what to do about that. And if the trustee says, but say the property is $200,000 and the mortgage is $150,000, so her only real equity is $50,000, but she claims $125,000 under the Schwab box, trustee has to object and say, no, you're not entitled to $125,000. You're entitled to $50,000, and the bankruptcy court will decide that. I mean, let's suppose the facts. Let's suppose that she files today, and we have the facts that we have here. That is, that everybody's best guess is that she's got about $3,500 in equity. Correct. And then there's a dramatic value increase in the value of the property over the next year. You know, bless everyone. It looks like everybody's going to come out better. The creditors are going to come out better, and maybe she will. Does she get the 125 under the new procedures? Well, if it wasn't objected to, she would. Well, let's assume it's objection. Let's assume it's contested. If it's contested, well, then the court would have to decide. Why would there be an objection if all she's saying is, I want the equity in my house up to the 125 I'm entitled to under Washington? And if you sell it tomorrow, then I guess I get $3,500. Bummer. Right. But if you sell it two years from now, maybe it'll be worth more. And if it turns out to be 125 for her and another 50,000 for the creditors, looks like that was kind of a win-win. Because you have to figure out who does the appreciation belong to. And this court's been very clear. Post-petition appreciation belongs to the estate. OK. And that would be true even today, if she filed today and checked the Schwab box? Right. Yes. We would still have to value it as of today? We'd have to value it at the date she files. Even if she's checking the Schwab box, we would still have to go out and get an independent valuation? Or is she responsible for valuing? I thought the whole purpose of checking the box was to avoid that. Well, it's to allow for her to be able to claim the full benefit of it. But if it's objected to, you're going to have to go prove your values. That's how it works. The Schwab box is an automatic ticket to everything. It can get you there if it's not objected to. But a lot of these cases, they're not objected to. And if the trustee doesn't object, then she'd be entitled to the full amount? She would. When sold? Up to the amount of the exemption. Correct. But even here, that would be. After that, and after that, it would go to the estate. Correct. And even here, though, under the Washington exemption. So it is not. You could argue that it was only the $3,250. It is not fixed as of the time of filing, unless the trustee objects. Correct. And that occurred here. There were timely objections here. A lot of the cases that you're looking at, there were timely objections until the issue passes. There were objections here. Why would they object? She was only asking for $3,500. But we objected to the amendment, which is where they tried to kind of check the Schwab box. And we've said, no, you can't do it. Because you have to go back to the. Chappell says you can't amend. Chappell? Allowed to amend. Chappell? Allowed to amend, correct? Tell me what concerns me a little bit is, isn't there a general proposition that these statutes, the exemption statutes, are to be liberally interpreted to assist the debtor making a fresh start? I want to talk about the grand bargain. That's a general proposition, right? And this is part of the grand bargain. And I think that it's important to keep this in mind when you're looking at this issue. The answer is yes. You said all cases say that the appreciation goes into the estate. Correct. But all the cases say it goes into the estate, like all property goes into the estate, subject to being revested or turned back to the debtor, correct? Correct, yes. So that's the complete statement. It goes into the estate, because it becomes estate property, subject to the exemption. So when these courts say it's property of the estate, it says nothing with regard to who's entitled to what portion of the proceeds, does it? Well, no, but the case law in the court does answer that. I mean, get back to the grand bargain. Well, the only cases I've seen that deal this head on, this issue, are Augsburg, Chappell, Vue, and that case in New Jersey, the district court case in New Jersey, all of which said, even though the capped amount of the exemption is paid only as a result of the appreciation, that the debtor is entitled to the full amount. Every one of those cases say that. Well, but you could distinguish them. Chappell wasn't objected to by the trustee. Augsburg was the old California statute where proceeds don't come up until the property's sold. And we have this court saying that. You say that, but that's not what the statute says. The statute gives an exemption. And that's because that's a judgment debtor situation that is now put on the template of a bankrupt proceeding. But the concept is the same, that who's entitled to the appreciation when it appreciates more than the equity at the time of filing. And every one of these cases that had held straight up on that issue have held that, regardless of whether you say they were objected to or not objected to. And I'm assuming the trustee's doing his job and didn't object because the trustee realized that was the law. So he wouldn't object and be wrong about it. That all these cases say that the appreciation to the extent of the maximum amount of exemption goes to the debtor. See, I don't agree. Augsburg had issues about what the value of the property was at filing and whether or not there was sufficient 45. Correct. And what happened? The judge decided what those issues were, decided what the value was. And the value was at the time of the filing there was not sufficient equity to pay the exemption, correct? Is that correct? Yes. That's my understanding. And then that was resolved. And then after paying all of the liens and taking into consideration the appreciation, there was more equity than was existing originally enough to pay the whole exemption or more. The property that can't even be claimed is exempt until it's in the form of proceeds. That's what the California statute said at that time. That's the distinction that Washington doesn't have. Washington just sets it automatically. You say that, but the cases don't say that. There's not one case that says what you just said, at least ones I read. There's not one case that makes that distinction. You've got to look. A lot of Ninth Circuit cases say you've got to take the exemptions as the state statute finds them, and that's how California worked. So that's the distinction there. Now, getting back to my grand bargain, I think it's important to try to focus on what's going on here. The debtor files bankruptcy. And at that moment in time, a bankruptcy is the state's created. Under 541, the property of the estate is all legal equitable interests of the debtor existing on the table of filing. And some additional property can come in later. Life insurance within 180 days in the seven. Life insurance proceeds. 541A? A5. 541A1. A5 is the additional items that can come in. Like rents? That's A6. Products, proceeds. So what happens? How does the appreciation come into the estate? Under A6. That's what. 6? Yes. Products and proceeds. But that's property that comes in post-petition. Well, not really, because it's part of the property. It's valued at the time of the filing. Potential petition. But the cases say that the appreciation itself, they've said the appreciation comes into the estate by virtue of 541A6. Correct. But it's not new. It's like we used the growing child analogy. It's still the same property. Rent is not new. It's a product of the homestead. We're not talking about rent. We're talking about appreciation. But that's subsection 6. So they're treating appreciation the same way they're treating rents and the other items that are enumerated in subsection 6, right? Yes. So that's property that's coming in post-petition. Not necessarily. It's a bundle of, I think the 541 list or bundle of sticks, and all the sticks are in. An appreciation can be coming in. If, in fact, it comes under subsection 6, similar to rents and profits, et cetera, then do you lose? No. OK. Because that part was property of the estate at filing. It's all property. It's the same property. That's not a new thing, like life insurance or an inheritance or a divorce decree award that you didn't have at filing. That's not what the cases say that comes under section 6. It equates, in my view, same as profits and rents and similar things that are enumerated. And so then it seems to me it's a continuing valuation. But it's property of the estate at the time of filing. And it would be part of the value of the property at that time. Because here's the grand bargain. The debtor gets the discharge, and the trustee gets the bankruptcy estate property to liquidate for the benefit of the creditors. It becomes, in essence, the owner. And appreciation is an element of ownership, aspect of ownership. It goes with it. And it's always subject to the exemption. And the question is, when do you determine what those are and what the value is? And that's where you get to 522. And you get to 522A2 that says, at the time of filing. This section talks about the time of filing. Unless it's post-filing property. And then it's when it comes into the estate. 522 describes or defines value, right? Correct. But it doesn't do it with regard to the state exemption, does it? It doesn't incorporate that definition into the state statute. I think it's subsection 3, if I'm not mistaken. But the Gephardt Court, using the state court statute as well, Arizona, utilized 522A2 in its analysis to come up with a frozen at filing conclusion. And the Gephardt Court affirmed Chappell, which allowed the post-appreciation to go to pay off the exemption, even though, originally, there wasn't enough money to pay off the exemption. And they claimed the federal exemption in Chappell. And the trustee, again, didn't object. And that was not a California case. So you can't say California's unique, because Arizona did the exact same thing. But what I'm saying is that this court used 522A2 to determine the time of the value of the exemption with a state court exemption. And Mr. Gephardt's exemption was $125,000, like ours. But he only had $89,000. My point is, having done all that, they still allowed the exemption to be paid by the post-petition appreciation, right? Isn't that exactly what happened? In Chappell? Yes, sir. Yes, because it wasn't objected to by the trustee. So you could get anything if you don't object. And I think that's the distinguishment of Chappell. It's interesting that it seems to turn on whether the trustee objects, because the 522A2 argument ought to be that it's measured as of the time of filing. That's a statute that's independent of whether there's a, that doesn't make it contingent on whether there's an objection. But that's what the basis of the objection would be if you claim more than you're entitled to at the time. That would be the trustee's objections. Like, you can't claim $125,000, because there's no equity for you for that in the property. You only get $50. But if you don't object to the $125 objection or claim, then it will pass through. There's lots of cases that say, if you don't timely object, they're going to be, those exemption claims, even if improper, even in excess of the amount that they would normally get, are going to be deemed allowed, which is what happened in Chappell. Because they're deemed to be the value at the time of the filing, because you didn't object. Exactly. So it's all about the objection. We have a timely objection to this attempt to check the Schwab box post-petition. And when you get back to the grand bargain, all the cases say the post-petition appreciation belongs to the estate. The estate is not a judgment creditor executing the property. So you don't get to use time of sale for determining what the exemption claim of the debtor is vis-a-vis the estate. It's when they file. Because now the seller of the property is the estate. For example, who pays the capital gain tax when that property gets sold? It's not the debtor. If it was an execution, that would be the case. It's the bankruptcy estate, the new taxpayer. They take on the capital gain. This is not an execution-like sale. You don't get to equate what the trustee did in selling this property as what a judgment creditor would have done under state law. They're different. You have to fix, the grand bargain is you fix it at filing, what the rights of the parties are in the property. And the debtor's exemption is valued as of the date of filing, under 522A2, and under the state or federal exemption scheme. In this case, it was 3560. And that's what the bankruptcy court held and just what Judge Jones affirmed. And we would urge that this court affirm as well. Thank you. Thank you. Mr. Feinstein, I'm going to give you one minute. I think we've heard quite a bit of argument, and we were very generous in our time. So I'm really only looking for anything that needs to be corrected. Thank you. I was going to take just one minute, 30 seconds of which is going to be appellate procedure 101, do not overtalk a judge when the judge is asking you a question. I apologize to Judge Huck. When he mentioned Chappelle, that was my big finish, and my time was up, and so I wanted to get that Chappelle before the court, before I sat down. So I apologize. And then, as to Judge Smith, we kept focusing on California law. But Washington law, I didn't have the citation in front of me. We were going on RCW 6.13030, the homestead 125. And I think we were both asking about procedures. 6.13100 is when execution for the enforcement against homesteaded property, the creditor shall apply to the superior court in which the property is situate for the appointment of a person to appraise the value thereof. So I think that was a question by Judge Bybee, is you get it appraised, and then if it comes in in excess of the homestead, then you get your order authorized in the sale. And otherwise, no? Yeah, that's the Washington law. Is that clearly Washington law? That's Washington law, yeah. So you have to have 125. And I said that to you earlier. If you don't have 125, the superior court judge isn't going to even authorize it. Is that considered, are they only measuring that against the mortgage? Are they measuring it against all of the liens? It's the equity. It's the equity. So it's after the, OK.  have to follow that, that he is now the owner of the property. Well, owner, he steps into the shoes of the creditors as a hypothetical judgmental creditor. I understand that. But he says, I don't have to follow the execution procedure of the state in this regard. I am the new owner of the property. And as the new owner of the property, I can sell the property any time I want. I don't agree that there's, you know, that trustees go down and they have ownership. They do? Well, they have, 541 creates an estate of which this is property. And it's subject to debtor's rights of exemptions. It's subject to other interests. I mean, it's a property. Now we're back up in 541. Does the trustee have to follow that statute? Or not? Does he have to get an appraisal? 6.13.100. Is that what it was? Yes, it's 100. I'm not sure that he has to follow the state execution laws. But if there's, if the proceeds of the sale. If he doesn't have to follow the state execution laws, then the state execution law you want to bind him is not appropriate. Yes, but we're talking only, we're not the property statute. We're talking about what do we get to exempt? So this is kind of hypothetical. We get to exempt what's exempt under Washington law. And what's exempt under Washington law, here's a process of how you determine it. You look at 030, you look at 100, you look at value, you look at what if there's equity or not equity, you look at Chappelle and Vu, and then you determine whether or not when the trustee went to sell the property, he has to file a motion notice hearing under section 363. He has to go into the bankruptcy judge to get approval for the sale. If the approval of the sale produces less than the exemption, debtors come in and object. And the bankruptcy judges don't agree. So you kind of get a backwards way of the same execution statute because you have a bankruptcy judge. A bankruptcy court way to deal with selling of the property once becoming a part of the estate rather than the creditor executing on the property in the Washington law. Yes. So that's the way. And the bankruptcy court does not need to go through the same procedure that the Washington law exacts out of the creditor foreclosing. In theory, they do because you'll go to the bankruptcy judge. Well, you'll go to the bankruptcy judge on a motion to sell, and you say under 363, we want to sell this home. And there's only $2,500 equity. The debtors applied for an exemption of $3,500. But we still want to sell it just because it's a nice day out today. The judge won't allow the sale because it doesn't exceed the exemption amount. So he implicitly implies the state statute, even though he doesn't have to follow the state statute. He just says, I'm not going to approve the sale because there's no equity here that exceeds the exemption. They don't approve a lot of times short sales because there's not enough equity to even pay the mortgage. So he's not really following the state statute. He's saying, why sell it because there's nothing for the creditors. That's basically it. Yeah, why are you fussing around with this piece of property? It's that simple. Very simple. So OK, there's my thank you, one minute. We thank all counsel for the argument. It's a curious case. And with that, the court has completed the calendar for the week, and we stand adjourned.
judges: Bybee, N.R. Smith, Huck